IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-01373-RPM

PAUL INMAN,

    Applicant,

RICK SOARES and
KEN SALAZAR, ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

ORDER DENYING HABEAS
_____

  On August 1, 2002, Paul Inman ("Inman" or "applicant") filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence in the District Court, Mesa County, State of Colorado, in Criminal Action Number 95-CR-658.  Inman simultaneously filed a motion for appointment of counsel.

  Inman entered a guilty plea to first degree arson, a class three felony, C.R.S. § 18-4-102 (2002), on March 15, 1996.  Vol. I, pp 52, 55; Vol. I, p. 56; Vol. V, Reporter's Transcript pp1-14.  (All references are to the state court record in the form filed in this court on May 12, 2004.)  The arson involved an incident which occurred on August 2, 1992.  On April 15, 1996, Inman was sentenced to the Colorado Department of Corrections for sixteen years, concurrent with the 70-year sentences he was serving as a result of his convictions in Criminal Action Number 95 CR 560, but consecutive to sentences in two other cases, 95 CR 558 and 95 CR 614.  Vol. I, p. 98, Vol VI,

Reporter's Transcript, pp 1-10.[1]

Inman did not directly appeal his conviction or sentence, but filed a motion to reconsider his sentence on June 13, 1996.  Vol. I, p. 99.  The motion was denied on June 20, 1996.  Vol. I, p. 104.

On May 15, 1997, Inman filed two *pro se* motions for post conviction relief to vacate his judgment and sentence.  Vol. I, pp. 109-113.  The court appointed counsel to assist Inman.  Vol. I, p. 115.  Counsel filed a motion for post conviction relief pursuant to Colo. R. Crim. P. 35(c) on August 20, 1997.  Vol. I, pp. 125-131.  The *pro se* motions alleged that the pleas were not voluntarily and knowingly made, that Inman relied on the advice of counsel, that counsel's assistance fell below the minimum standards required by the Sixth Amendment to the United States Constitution, and that there was no factual basis to support a guilty plea.  Counsel raised two grounds in the Rule 35(c) motion.  First, counsel alleged coercion as follows:

> Defendant contends that he had continuously and emphatically denied that he ever committed the above offense–to the police, his counsel and this Court.  A review of the Defendant's Version (attached to the Pre-Sentence Report), which is attached hereto as Exhibit "A" and made a part of this document reveals that Defendant stated that "I took this 'deal' and plead guilt (*sic)* to it to get on with my life."  In the Defendant's Version, he denies having started the fire.  The Court obviously was aware that the Defendant did not believe he was guilty of any offense.  At the sentencing hearing, the Court stated to counsel for the Defendant, "Mr. Kain, just to be clear, given Mr. Inman's indications that he is–does not think he's guilty, I just want to make sure there's a stipulation there would be a substantial likelihood of conviction at trial on your part."  Counsel for Defendant assured the Court that this was the case. (Transcript p 2, ll 11-16).  The Court was concerned even at this late stage

---

[1] This Court previously denied Inman's habeas petition challenging his convictions and 70-year sentences in Criminal Action Number 95-CR-560 and the Tenth Circuit Court of Appeals denied Inman's request for a Certificate of Appealability and dismissed his appeal in *Inman v. Soares,* No. 04-1351, July 12, 2005 (unpublished).

(sentencing hearing) of the proceedings. Vol. I, p. 126.

Second, counsel argued ineffective assistance of counsel, in that "there is a reasonable probability that defendant would not have pleaded guilty but for counsel's failure to make him aware of the consequences of such a plea." *Id.* at p. 3.

On May 16, 1997, the trial court reserved ruling on the motion for post-conviction relief and ordered the defendant to file a transcript of the providency hearing and "specify in detail the fundamental rights not explained and the viable defenses not discussed." Vol. I, p. 132.

On September 19, 1997, Inman filed a *pro se* brief on ineffective assistance of counsel, alleging that counsel had no authority to waive the factual basis for the crime. Vol. II, pp. 155-159. Specifically Inman argued it was critical that he was the occupant of the burned building. *Id.* at 157.

The State filed a supplemental response to the defendant's motions on October 23, 1977, reiterating its position that the defendant's motions should be denied because "the sentence was properly entered subsequent to a knowingly voluntary and intelligent waiver of his rights by the defendant, and the defendant agreed that there was a factual basis to support his plea of guilty." Vol. II, pp. 196-197.

The trial court denied Inman's motions by order on November 5, 1997. Vol. II, pp. 198-201. As to Inman's *pro se* filing of September 19, 1997, asserting that there was a factual defense to the crime, the court said:

> As a preliminary matter, the Court would note it does not consider in deciding the issues raised by the Motion Defendant's Brief on Issue of Ineffective Assistance of Counsel (filed September 19, 1997). Defendant is not entitled to file his own pleadings with the Court once he requests counsel and

3

has counsel appointed, and the issues raised in Defendant's brief are similar to those raised by his counsel. *Id.* At 198.

On the merits of the motion, the court ruled as follows:

> <u>Coercion</u>. Defendant first alleges his plea was coerced. He attempts to support this allegation by repeatedly denying he committed the crime, a denial he also made during the presentence investigation in this case. However, a denial by a defendant that he committed the crime does not necessarily mean a plea was coerced. As is apparent from the record here, Defendant plead guilty because he wanted 'to get on with my life. So I can get go on to prison and out of county jail.' There is no indication from the record, nor does Defendant allege, that promises or threats were made to him to plead guilty by anyone. See <u>People</u> v. <u>Brewer</u>, 648 P.2d 167 (Colo.App. 1982). Defendant's conclusory statement that his plea was coerced, without any factual assertion as to who or what coerced him with what, is inadequate.
>
> Defendant does allege the voluntariness of his plea was affected by counsel's failure to advise him the charge he was pleading to was a crime of violence, with mandatory sentencing provisions. However, as charged, the offense here was not a crime of violence for sentencing purposes. First degree arson is not a crime of violence unless a deadly weapon was involved or serious bodily injury or death occurred. The version of the statute in effect for Defendant's crime, which occurred in August 1991, provided as follows:
>
>> 'Crime of violence' means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission or attempted commission of...a crime of...first degree arson...or the defendant caused serious bodily injury or death to any person... Section 16-11-309(2)(a)(I), C.R.S. (1986 Repl. Vol.)
>
> Arson is thus not a crime of violence (nor an extraordinary risk crime) (footnote omitted) unless a deadly weapon was used or a victim was injured. Neither special circumstance was alleged or proved in this case. Thus, Defendant did not plead guilty to a crime of violence, nor was he sentenced for a crime of violence, and an allegation that he was not advised on crime of violence mandatory sentencing will not support his contention of coercion. (Footnote omitted)
>
> Defendant also alleges coercion in his counsel's failure to advise him that a recommendation in the presentence report in this case for a ten year sentence was only a recommendation and that the Court could impose a longer sentence. The Court would first note that the presentence report in this case makes no recommendation for a sentence of a specific number of years to the Department

4

of Corrections. See page 8 of the presentence report. Thus, this allegation is simply not true.

Further, whatever Defendant thought was recommended in the presentence report could not have been a factor at the time he entered his plea a month earlier. Thus, any misunderstanding he might have had as to the presentence report recommendation could not have affected his plea. See People v. Mogul, 812 P.2d 705 (Colo.App. 1991) (Defendant's pregnant wife was not in jail at the time defendant alleged his plea was coerced by threats concerning what would happen to her there, and his allegation of coercion is thus not supportable).

2. Ineffective assistance of counsel. Defendant's allegtions here appear to rest on the same contentions as his coercion argument, that is, that his counsel did not explain the possible sentences to him and that he was not guilty. He does not specify any other advice his counsel gave or did not give that would amount to ineffective assistance.

These bare charges of incompetency by counsel are inadequate as a matter of law. Defendant thus fails to meet the threshold requirement for permitting the withdrawal of a guilty plea based on a claim of ineffective assistance. See People v. Garcia, 799 P.2d 413 (Colo.App. 1990); see also Moore v. People, 174 Colo. 570, 485 P.2d 114 (1971) (broad allegations of incompetency not permitted in a Rule 35 proceeding); Melton v. People, 157 Colo. 169, 401 P.2d 605 (1965) (defendant has a duty to allege ultimate facts with particularity in a Rule 35 proceeding).

Further, Defendant pled guilty without any limitation in the plea agreement as to the length of his sentence, and apparently believing (based on counsel's advice as well as the Court's advisement) he was facing a sentence of up to 32 years, rather than the 24 year maximum which actually applied. See written Rule 11 Advisement. Under those circumstances, even assuming ineffective assistance, it is difficult to argue that Defendant would not have pled guilty if he had been correctly advised. See People v. Silva, 782 P.2d 846 (Colo.App. 1989) (inaccurate advisement by the judge as to penalties did not induce defendant's plea of guilty where the advisement did not understate the possible penalties).

Defendant's Motion is therefore denied.

Vo. II, pp. 199-201.

On November 28, 1997, Inman filed a motion to reconsider the Court's

November 5th order. Vol. II, pp.206-230. The basis for his motion was that post-conviction appointed counsel had failed to provide the Court with the information it ordered on May 16, 1997, about the fundamental rights not explained and the viable defenses not discussed by trial counsel at the time the plea was entered. Inman also filed a "Brief on Rule 11 factual basis relevant to plea agreement" on December 1, 1997, insisting that there was no factual basis to support his guilty plea to first degree arson as the prosecution could not prove Inman burned the building of another. Vol. II, pp. 231-232. The State responded on December 2, 1997, opposing reconsideration. Vol. II, pp.241-243.

The Court denied the motion to reconsider and the relief sought by the brief filed December 1, 1997, in an order dated December 4, 1997. Vol. II, p.240. A "Cross Response" filed by Inman raising the lack of evidence for all the factual elements of first degree arson was denied as moot on December 24, 1997. Vol. II, pp.267-271.

Inman appealed to the Colorado Court of Appeals, and that court issued its order dated August 20, 1998 affirming the trial court. The Colorado Supreme Court denied certiorari on March 31, 1998. Vol. III, p.328.

In a Rule 35 motion filed *pro se* on January 10, 2000, Inman again argued that his plea was coerced and emphasized that it was his understanding that his sentence to a plea of guilty in 95 CR 658 would run concurrently to the sentences imposed in 95 CR 614 and 95 CR 558. Vol. III, pp. 341-3435. The motion was denied by order on January 11, 2000, Col. III, p. 347. A motion to reconsider the denial was ultimately rejected on March 27, 2000.

The procedural history of this case has caused some confusion as to whether Inman's habeas application is time barred. Accordingly, on August 13, 2002, United States Magistrate Judge Schlatter ordered Inman to show cause why his application should not be time barred, and denied his motion for appointment of counsel as premature. Inman filed a response September 9, 2002. On September 12, 2002, United States Magistrate Judge Boland discharged the show cause order saying that upon review of the records submitted by applicant "It appears that Applicant may not be barred by the one-year limitation period set forth in § 2244(d)."

The respondents filed an Answer to Order to Show Cause why the application should not be granted on October 16, 2002. On November 14 this Court ordered the applicant to respond to the respondents' contentions that the application is untimely under 28 U.S.C. § 2244(d) and that the applicant failed to exhaust his state remedies which are now procedurally barred. Inman replied that he was unable to respond to the order because he had no access to his legal files. He again requested appointment of counsel and asserted that all issues had been raised in state court. On May 5, 2004, the Court ordered Mesa County District Court to transmit the record to the Clerk of this court and that record has been carefully reviewed.

Inman raises two claims in his *pro se* application. Claim one is "coerced plea and ineffective assistance of counsel," alleging:

> the destroyed property was owned by me and the statute requires
> the property to be of another. The attorney nor the court explained this
> defense to me, If they had, I would not of plead guilty. I denied guilt and
> stated I was pleading guilty for other reasons. I was denied a proper legal
> framework within which to proceed.

7

As to Claim Two, for "coerced plea," Inman states:

>The sentence in this case is running consecutive to other cases in Mesa County. The attorney Mr. Kain asked me in case 95 CR 614 taken on March 4, 1996 and on case 95 CR 677 taken on April 18, 1996, in the transcripts that all cases were to run concurrent. PS the transcripts show–I understood that my plea would result in concurrent sentences with all cases in Mesa County. This did not happen as I was advised. If I had know it would not have been run concurrent I would not have plead guilty.

The respondents answer that (1) Inman's claims are barred, 28 U.S.C. § 2244(d), (2) that Inman has procedurally defaulted his claims and (3) on the merits, Inman is not entitled to relief.

Magistrate Judge Boland made a determination that Inman's claims do not appear to be time barred. The recitation of the history of this case makes it difficult to conclude that there is an adequate and independent state law ground for the decisions constituting a procedural bar and procedural default.

Accordingly, the case is reviewed on the merits. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") set limitations on federal courts' review of state court convictions. Subsection (d) of 28 U.S.C. § 2254 directs that an application for a writ shall not be granted

>with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The state court rulings regarding whether Inman's pleas were coerced and whether he was denied the effective assistance of counsel are supported by the record

and in accordance with established federal law.

To prevail on a claim of ineffective assistance, a defendant must show both: (1) that his counsel's performance was deficient (*i.e.*, that identified acts and omissions were outside the wide range of professionally competent assistance), and (2) that he was prejudiced by the deficient performance (*i.e.*, that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different). *Strickland v. Washington,* 466 U.S. 668 (1984). This two part test applies to challenges to guilty pleas based on ineffective assistance claims. *See Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). To show prejudice a defendant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty but instead would have insisted on going to trial. *Id.*

Mr. Inman claims that counsel rendered ineffective assistance by allegedly failing to advise him about the "property of another" element of arson, and by telling him the agreement was for concurrent sentencing. These claims fail because the record shows that Mr. Inman could not have been prejudiced.

The transcript of the Providency Hearing demonstrates that the trial court specifically inquired about Mr. Inman's guilt because Inman wrote, in connection with the Pre-Sentence Report that:

> 96 CR 658 - First of all I would like to state that I was the occpant at the Building. I had my business there Bad Boy's Paint Ball. The night it caught on fire I was with my wife and In law's the hole evening. So I could not have started the fire. If you look at the reports, you will see that the fire was started By hand with no devices. There for I could have not started it. I took this "Deal" and plead guilt to it to get on with me life. So I can go on to Prison and out of County Jail. I'm at the End of my rope and this seems to be the Best way to End this for all of us. I was very proude of my Bisness and it was a teriBel loss to me.

> I Do Belive I should recive the lest amot of time posible for this. I was a victem in this case. And how to pay for it all well I don't know I just recived 75 years in prison I have 2 small son's and there mother's need money also. So what Do we do? I feel if I were to get any money at all I would give it to my kid's. But I have none so were does that leave us? Should we put the kid's on food stamp's and fire me? I Don't know.

Vol. IV, Presentence Report, p. 65 "Defendant's Version."

Even if counsel had not advised Inman "of another" element, the court did so. Vol. V, pp. 5-6.

The legal argument made by the applicant that he could not be guilty under the Colorado arson statute because he occupied the burned building was addressed by the Colorado Court of Appeals in affirming the denial of his Rule 35(c) motion because the property was subject to a security interest and was therefore the property of another under the interpretation of the statute made by the Colorado Supreme Court in *People ex rel. Van Meveren v. District Court,* 619 P.2d 494, 497 (Colo. 1980).

Secondly, even if counsel erred in advising Inman that his sentence would run concurrently with all other sentences the trial judge specifically advised Inman that "he was facing up to 32 years." *Id.* At 6. Mr. Inman cannot show prejudice since the sixteen year sentence in this case runs consecutively to sentences of three and five years–a total of 24 years, when he was facing a possible sentence of 32 years. *Bush v. Neet*, 400 F.3d 849 (10th Cir. 2005).

Upon the foregoing, it is

ORDERED that the application for habeas corpus is denied and this civil action

is dismissed.

DATED:  November 8th, 2005

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

Case Number:   02-cv-01373-RPM

I certify that I mailed a copy of the attached to the following:

Paul Inman #89591
CSP A-6-23
P. O. Box 777
Canon City, CO 81215


Dated:   November 8, 2005

                                              GREGORY C. LANGHAM, CLERK

                                              s/Leslie A. Martin


                                              By:_____
                                                  Deputy